IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN P. DUNBAR, | ) | CV. NO. 07-00107 DAE BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| COUNTY OF MAUI; MAUI POLICE DEPARTMENT; NELSON JOHNSON; THOMAS MARTINS; PAUL TAKAYAMA; ALAN ARAKAWA; THOMAS PHILLIPS; DAVELYNN TENGAN; WILLIAM SLOPER; BEN HERREN; KIMBERLY A.B. SLOPER; BRENT K. OSTERSTOCK; MARIE J. KOSEGARTEN; JOHN AND JANE DOES 1-10; DOE GOVERNMENT AGENCIES 1-10, DOE CORPORATIONS 1-10; AND OTHER ENTITIES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS DAVELYN TENGAN, WILLIAM SLOPER, BEN HERREN,
KIMBERLY A.B. SLOPER, BRENT K. OSTERSTOCK, AND
<u>MARIE J. KOSERGARTEN'S MOTION FOR SUMMARY JUDGMENT</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing. After reviewing Defendants' motion and the

supporting and opposing memoranda, the Court GRANTS IN PART AND

DENIES IN PART Defendants Davelynn Tengan, William Sloper, Ben Herren, Kimberly A.B. Sloper, Brent K. Osterstock, and Marie J. Kosegarten's ("Defendant Prosecutors") Motion for Summary Judgment.

## BACKGROUND

On August 5, 2004, John P. Dunbar ("Plaintiff") was arrested for disorderly conduct. On September 20, 2004, Plaintiff was indicted by a grand jury for Harassment, Escape in the Second Degree, and Resisting Arrest in the County of Maui, in the State of Hawaii. After a bench trial, the court granted Plaintiff's motion for a judgment of acquittal on the charges of Harassment and Resisting Arrest, however, the court found Plaintiff guilty of Attempted Escape in the Second Degree. On June 29, 2005, the court entered a judgment of guilty for Attempted Escape in the Second Degree. Plaintiff's conviction was affirmed on appeal on September 21, 2006, by the Intermediate Court of Appeals of the State of Hawaii.

On March 1, 2007, Plaintiff, pro se, filed his Complaint with this Court against the County of Maui, et al., including the Prosecutor Defendants, based on his August 5, 2004 arrest. In the Complaint, Plaintiff asserts that the Defendant Prosecutors instituted criminal process against him with abuse and

malice and brought claims for violations of 42 U.S.C. Section 1983 and malicious prosecution.

Defendant Prosecutors filed a motion for summary judgment on August 14, 2007.  Defendant, pro se, filed an opposition on October 12, 2007, and Defendant Prosecutors filed a reply on October 23, 2007.

STANDARD OF REVIEW

Rule 56 requires summary judgment to be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Porter v. Cal. Depot of Corr., 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  A main purpose of summary judgment is to dispose of factually unsupported claims and defenses.  Celatox Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.  A moving party without the ultimate burden of persuasion at trial–usually, but not always, the defendant–has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  Nissan Fire &

Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). The burden initially falls upon the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial"and may not rely on the mere allegations in the pleadings. Porter, 383 F.3d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line numbers. S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties."). "[A]t least some 'significant probative evidence'" must be produced. T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). "A scintilla of evidence or evidence that is

4

merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu, 198 F.3d at 1134.

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." T.W. Elec. Serv., 809 F.2d at 631. In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party. Porter, 419 F.3d at 891. The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage. Id. However, inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. T.W. Elec. Serv., 809 F.2d at 631.

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (same). Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could

5

not be cured by amendment.'" Id. (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superceded by statute, Lopez v. Smith, 203 F.3d 1122, 1126-30 (determining that a district court retains its discretion to dismiss a pro se prisoner's in forma pauperis complaint with or without leave to amend under the Prisoner's Litigation Reform Act)). "[B]efore dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies." Id.

## DISCUSSION

Prosecutor Defendants argue that Plaintiff's 42 U.S.C. § 1983 claim for violation of civil rights should be dismissed because they are immune from suit. In addition, Defendant Prosecutors argue that Plaintiff failed to make any specific allegations against them, and therefore, the malicious prosecution claim should likewise be dismissed.

"[A]bsolute immunity precludes the imposition of any liability on the alleged wrongdoers, regardless of how wrongful that person's conduct may have been." Seibel v. Kemble, 631 P.2d 173, 177 (Haw. 1981). Whether a person is entitled to absolute immunity is not analyzed merely by their position title, but instead rests on the type of function that they are performing. Briscoe v. LaHue,

460 U.S. 325, 342 n28 (1983).  With respect to prosecutors, the Supreme Court has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  Indeed, "it is well established that a prosecutor has absolute immunity for the decision to prosecute a particular case. . . . In addition, a prosecutor's professional evaluation of a witness is entitled to absolute immunity even if that judgment is harsh, unfair or clouded by personal animus."  Botello v. Gammick, 413 F.3d 971, 976 (9th Cir. 2005) (quotation and citation omitted).

However, a prosecutor is entitled to only qualified immunity for his or her performance of administrative or investigative functions.  Id.  The Supreme Court has held that prosecutors do not have absolute immunity for their advice to police officers during the investigative phase of a criminal case, or performing acts which are generally considered functions of the police.  Burns v. Reed, 500 U.S. 478, 493 (1991); Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other.") (internal quotation marks omitted).

> [W]hether a prosecutor benefits from absolute or qualified immunity depends on which of the prosecutor's actions are challenged. The official seeking absolute immunity bears the burden of demonstrating that absolute immunity is justified for the function in question. The presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the course of their duties.

Botello, 413 F.3d at 976 (citations omitted).

Here, in the Complaint and in the opposition, Plaintiff challenges the various Defendant Prosecutors' decisions to bring charges. Plaintiff also challenges the Prosecutors' decisions to use a certain witness at the grand jury hearing for the indictment. As set forth above, these actions are intimately associated with the judicial process and thus, the Prosecutor Defendants are absolutely immune for such actions. Accordingly, this Court GRANTS Prosecutors Defendants' motion to the extent Plaintiff's section 1983 claim is based on the decision to bring charges and use certain witnesses at the hearings.

In his opposition, Plaintiff presented evidence that on September 8, 2004, Defendant Brent Osterstock made a motion to dismiss without prejudice a charge for resisting arrest for the reason that the case was pending further investigation. The motion was granted on September 8, 2004, which was over one month after his arrest on August 5, 2004, but two weeks before the grand jury indicted him on September 20, 2004, for several charges, including a charge for

escape from custody and intentionally preventing a law enforcement officer from effecting an arrest.  Plaintiff appears to be arguing that Defendant Osterstock participated in an investigation into these charges and possibly advised the police and therefore, should not be entitled to absolute immunity for his role during this period.

Prosecutor Defendants' reply brief was only two pages and did not address Plaintiff's argument or provide a declaration to explain what actions, if any, Defendant Osterstock took during that period of time or explain whether or not he was involved in any investigative process.  Accordingly, as the record stands, Plaintiff presented evidence that created a genuine issue of fact as to whether Defendant Osterstock took any investigative actions, or gave advice to police and thus, would be entitled to only qualified immunity.  Defendant Osterstock has the burden of demonstrating that his conduct, if any, during the period after the resisting arrest charge was dismissed and the grand jury indictment was tied to an exercise of his prosecutorial judgment and the judicial process. Having failed to address this in a reply brief or declaration, a genuine issue of material fact remains as to whether only qualified immunity applies to some of his functions.

Accordingly, this Court DENIES WITHOUT PREJUDICE Prosecutor Defendants' motion with respect to a section 1983 claim against Defendant Osterstock regarding his possible investigative functions. Defendant Osterstock may refile a motion for summary judgment regarding whether his actions during this period, if any, involved investigative functions and whether absolute or qualified immunity applies.

B.   Malicious Prosecution

To bring a claim of malicious prosecution, Plaintiff must allege "(1) that the prior proceedings were terminated in the plaintiffs' favor, (2) that the prior proceedings were initiated without probable cause, and (3) that the prior proceedings were initiated with malice." Myers v. Cohen, 688 P.2d 1145, 1148 (Haw. 1984).

Here, Plaintiff has not alleged any facts that create a genuine issue of fact with respect to any of the elements. First, the prior proceedings were not terminated in Plaintiff's favor, as he asserts. Instead, he was convicted for Attempted Escape in the Second Degree. Neither can Plaintiff establish that the prior proceedings were initiated without probable cause. The grand jury indictment for the charges confirms the existence of probable cause and Plaintiff has not presented any evidence that could overcome the presumption that the grand

jury acted on sufficient evidence. McCarthy v. Mayo, 827 F.2d 1310, 1317 (9th Cir. 1987) ("Under Hawaii law, a grand jury also functions to determine whether probable cause exists [and] [t]here is also a presumption that the grand jury acted upon sufficient and legal evidence) (citations omitted); See Reed v. City and County of Honolulu, 873 P.2d 98, 109 (Haw. 1994) ("The determination of probable cause is a defense to the common law claim[] of . . . malicious prosecution."). Finally, Plaintiff has not alleged any prosecutorial misconduct or provided any allegations that could show that any of the Defendant Prosecutors acted with malice.

Accordingly, Prosecutor Defendants' motion with respect to Plaintiff's malicious prosecution claim is GRANTED.

CONCLUSION

For the reasons stated above, the Court GRANTS IN PART AND DENIES IN PART Prosecutor Defendants' Motion for Summary Judgment. This Court GRANTS the motion with respect to Plaintiff's malicious prosecution claim against all Prosecutor Defendant's and GRANTS the motion with respect to the section 1983 claim with respect to all Prosecutor Defendants' except Brent K. Osterstock. This Court DENIES WITHOUT PREJUDICE Prosecutor Defendants' motion with respect to a section 1983 claim against Defendant Osterstock

regarding his possible investigative functions.  Defendant Osterstock may refile a motion for summary judgment regarding whether his actions during this period, if any, involved investigative functions and whether absolute or qualified immunity applies.  For these reasons, Davelynn Tengan, William Sloper, Ben Herren, Kimberly A.B. Sloper, and Marie J. Kosegarten are DISMISSED from this case.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, November 2, 2007.



                              David Alan Ezra
                              United States District Judge

<u>Dunbar v. County of Maui, et al.</u>, CV No. 07-00107 DAE-BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS DAVELYN TENGAN, WILLIAM SLOPER, BEN HERREN, KIMBERLY A.B. SLOPER, BRENT K. OSTERSTOCK, AND MARIE J. KOSERGARTEN'S MOTION FOR SUMMARY JUDGMENT