IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN P. DUNBAR, | ) | |
| | ) | Civ. No. 07-0107 DAE-BMK |
| Plaintiff, | ) | |
| | ) | SPECIAL MASTER'S REPORT |
| vs. | ) | RECOMMENDING THAT |
| | ) | DEFENDANT BEN HERREN'S |
| COUNTY OF MAUI, *et. al.* | ) | MOTION FOR ATTORNEY'S |
| | ) | FEES AND COSTS BE DENIED |
| Defendants. | ) | |
| | ) | |

SPECIAL MASTER'S REPORT RECOMMENDING THAT DEFENDANT BEN HERREN'S MOTION FOR ATTORNEY'S FEES AND COSTS BE DENIED

On March 1, 2007, Plaintiff John P. Dunbar ("Dunbar") filed a complaint against a number of defendants, including Defendant Ben Herren ("Herren"), alleging violations of 42 U.S.C. § 1983. Dunbar was not represented by an attorney in this action, and on November 2, 2007, the Court dismissed Dunbar's claims against Herren. Herren now seeks attorney's fees in the amount of $14,427.13.[1]

Herren grounds his request for fees in 42 U.S.C. § 1988, which provides that "the court, in its discretion, may allow the prevailing party, other than

[1]Herren also purports to seek costs, but does not actually list any costs that he incurred.

the United States, a reasonable attorney's fee as part of the costs" in actions brought to enforce § 1983.  42 U.S.C. § 1988.  Herren claims that since Dunbar's claims against him were dismissed, he is such a "prevailing party" and that he should be awarded attorney's fees.

While Herren may indeed have been a "prevailing party," the Special Master RECOMMENDS that he not be awarded attorney's fees against Dunbar. "An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." Hughes v. Rowe, 449 U.S. 5, 15 (1980) (vacating an award of attorney's fees against a pro se plaintiff in a § 1983 case, and ruling that "[t]he fact that a [pro se] prisoner's complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees").  Here, the Court's previous orders in this case do not indicate that Dunbar's claims were frivolous, malicious, or brought in bad faith.  While Herren's attorney alleges that Dunbar's case "was initiated in bad faith, was unreasonable and vexatious" (Mem. Supp. Mot., Cain Decl., at ¶ 7), Herren provides no support for this allegation.

Herren cites two cases in support of his request for attorney's fees, namely, Weaver v. Toombs, 948 F.2d 1004 (6th Cir. 1991), and Chambers v. NASCO, Inc., 501 U.S. 32 (1991).  Neither apply to the facts here.  In Chambers,

the trial court had required a plaintiff to pay the prevailing defendant's attorney's fees as a *sanction*, based on the plaintiff's "relentless, repeated fraudulent and brazenly unethical efffors." 501 U.S. 43, 58 (quoting NASCO, Inc. v. Calcasieu Television & Radio, Inc., 124 F.R.D. 120, 136 (W.D.La., 1989)). Here, however, there has been no indication that the Court was inclined to impose sanctions, much less an actual finding of fraud or frivolity. Weaver is even further from the mark, as it addresses the issue of whether indigent plaintiffs may be assessed non-taxable costs. Here, Dunbar's petition to proceed *in forma pauperis* was denied by the Court, and what is at issue is not taxable costs, but non-taxable expenses in the form of attorney's fees. Neither of these cases provide any support for Herren's position that he should be awarded fees under 42 U.S.C. § 1988.

As a final fall-back, Herren contends that he is also eligible for fees under 28 U.S.C. § 1927, which provides that:

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Here, however, not only has Herren failed to demonstrate that Dunbar's actions were vexatious or unreasonable, but Herren has failed to show that Dunbar is an "attorney or other person admitted to conduct cases" in this or


any other court. Dunbar is a pro se litigant, not admitted to practice law in this Court. Section 1927 does not apply to non-lawyers, Sassower v. Field, 973 F.2d 75, 80 (2nd Cir. 1992), and so for § 1927 to serve as a basis for attorney's fees, Herren would have had to demonstrate that Dunbar is admitted to practice in some other jurisdiction. He has not so demonstrated.

For the foregoing reasons, the Special Master FINDS that Herren is not entitled to attorney's fees under either 42 U.S.C. § 1988 or 28 U.S.C. § 1927, and RECOMMENDS that Herren's request for fees and costs be DENIED.[2]

IT IS SO FOUND AND RECOMMENDED.

/s/ Barry M. Kurren
United States Magistrate Judge
Dated: December 28, 2007

[2]In addition, the Special Master notes that Herren has failed to comply with Local Rule 54.3(d)(1) in presenting his motion for attorney's fees.