# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN P. DUNBAR, | ) | CIVIL NO. 07-00107 DAE-WRP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | PLAINTIFF'S MOTION TO |
| | ) | REINSTATE HIS 42 U.S.C. § 1983 |
| COUNTY OF MAUI, ET AL., | ) | CIVIL RIGHTS COMPLAINT |
| | ) | PURSUANT TO RULE 60(B)(5); |
| Defendants. | ) | ORDER DENYING MOTION FOR |
| | ) | LEAVE TO AMEND COMPLAINT |

## FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REINSTATE HIS 42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT PURSUANT TO RULE 60(B)(5); ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT

Before the Court is Plaintiff's Motion to Reinstate His 42 U.S.C. §

1983 Civil Rights Complaint Pursuant to Rule 60(B)(5) ("Rule 60 Motion") and

Plaintiff's Motion for Leave to Amend Complaint ("Motion to Amend"). See ECF

No. 165. Defendants filed an Opposition to the Motions on February 2, 2022. See

ECF No. 169. Plaintiff filed a Reply on February 22, 2022. See ECF No. 173.[1]

---

[1] Plaintiff emailed his Reply to the undersigned's Orders Inbox on
February 22, 2022. Although the Court directed the Clerk to docket the Reply, it
will not do so for future filings—and Plaintiff is directed to comply with the
applicable rules regarding appropriate filing of documents with the Court. This
Court previously granted Plaintiff's Application for Permission to Participate in
Electronic Filing, and reminds him that, as previously directed, he must contact the
Clerk's Office to obtain the necessary information to allow him to file
electronically. See ECF No. 172.

The Court finds these Motions suitable for disposition without a hearing pursuant to Local Rule 7.1(c).  For the reasons stated below, the Court FINDS AND RECOMMENDS that Plaintiff's Rule 60 Motion be DENIED and therefore DENIES Plaintiff's Motion to Amend.

BACKGROUND

Plaintiff filed this action in 2007.  See ECF No. 1.  In a prior order issued in this case, the District Court summarized many of the facts underpinning Plaintiff's claims as follows:

> On August 5, 2004, Plaintiff was arrested (the "August 5, 200[4] arrest") for disorderly conduct by Defendant MPD Officers Nelson Johnson and Thomas Martins ("Officer Johnson" and "Officer Martins," respectively).  Plaintiff was subsequently indicted by a grand jury for Harassment, Escape in the Second Degree, and Resisting Arrest and a warrant was issued for Plaintiff's arrest on September 20, 2004 (the "September 20, 2004 warrant").  On September 29, 2004, Plaintiff was arrested (the "September 29, 2004 arrest") pursuant to this warrant.  On February 28, 2005, the first day of a two-day bench trial before Judge Joel E. August in the Circuit Court of the Second Circuit (the "February 28, 2005 trial"), the court granted Plaintiff's motion for a judgment of acquittal on the charges of Harassment and Resisting Arrest.  On March 1, 2005, Plaintiff was found guilty of Attempted Escape in the Second Degree and judgment was entered on June 29, 2005.  Plaintiff was sentenced to five years probation and his conviction was affirmed on appeal on October 18, 2006.
>
> On August 29, 2005, MPD Officer Defendant Paul Takayama ("Officer Takayama") arrested Plaintiff (the "August 29, 2005 arrest") pursuant to a bench warrant dated October 13, 2004 (the "October 13, 2004 warrant") for Plaintiff's violation of a September 27, 2004 court order.  The October 13, 2004 warrant was apparently related to the February 28, 2005 trial.  Plaintiff was arrested again on December 21, 2006 (the "December 21, 2006 arrest") for violating the conditions of his probation by traveling outside of the United States without the permission of the probation department.

2

ECF No. 96 at 3-4, see also Dunbar v. Cty. of Maui, 2008 WL 2622814, at *1 (D. Haw. July 2, 2008).

A recent update to these facts—and what prompted Plaintiff to file the present Motions—is that, on April 30, 2021, the Hawai'i Second Circuit Court issued a judgment vacating Plaintiff's 2005 conviction for Attempted Escape in the Second Degree and ordering a new trial.  See ECF No. 169-2.  Plaintiff's prior conviction was vacated based on the conclusion that Plaintiff's decision to testify had not been made knowingly, intelligently, or voluntarily.   See id. at 14 ("Having been deprived of his constitutional right not to testify by the actions of counsel and because this Court cannot say that the waiver of the right to maintain silence did not affect the outcome beyond a reasonable doubt , the conviction on a charge of attempted escape of the second degree must be vacated and a new trial ordered.").

Based on this development, Plaintiff sought to reopen his case under Federal Rule of Civil Procedure 60(b)(5).  See ECF No. 165 at 2-3.  The District Court issued two summary judgment rulings in this matter, see ECF Nos. 44, 96, and the parties then settled before trial commenced, see ECF No. 162.  Plaintiff's Rule 60 Motion appears to contend that one or more of these summary judgment orders was based on his prior conviction, such that relief under Rule 60(b)(5) is warranted.  See ECF Nos. 165, 165-1, 165-2.

<u>DISCUSSION</u>

Federal Rule of Civil Procedure 60(b)(5) provides that a court may relieve a party from a final judgment or order when "it is based on an earlier judgment that has been reversed or vacated."  Fed. R. Civ. P. 60(b)(5).  "[T]he application of Rule 60(b)(5) is limited to a judgment *based* on a prior judgment reversed or otherwise vacated—based in the sense of res judicata, or collateral estoppel, or somehow part of the same proceeding."  <u>Tomlin v. McDaniel</u>, 865 F.2d 209, 210-11 (9th Cir. 1989) <u>declared</u> <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u> by <u>Phelps v. Alameida</u>, 569 F.3d 1120, 1132 (9th Cir. 2009).

Plaintiff attached to his Rule 60 Motion the District Court's two prior orders in this case ruling on Defendants' various motions for summary judgment. <u>See</u> ECF Nos. 165-1, 165-2 (attaching ECF Nos. 44 and 96).[2]  However, Plaintiff's Rule 60 Motion fails to explain which portions of those orders were "based on" his now-vacated conviction for Attempted Escape in the Second Degree.  Because Plaintiff's Reply addresses only his claim for malicious prosecution, the Court will focus its attention there.

As to his claim for malicious prosecution under state law, the District Court did rely in part on the fact of Plaintiff's conviction in at least one order

---

[2] These orders are also available on Westlaw as follows: <u>Dunbar v. Cty. of Maui</u>, 2007 WL 3238661 (D. Haw. Nov. 2, 2007) and <u>Dunbar v. Cty. of Maui</u>, 2008 WL 2622814, at *1 (D. Haw. July 2, 2008).

granting summary judgment.  See ECF No. 44 at 10-11; 2007 WL 3238661, at *4-

5.  However, the Court granted summary judgment for certain prosecutor

Defendants on this claim because Plaintiff had *also* failed to raise a genuine

dispute about the other elements of this claim—which were *not* based on the fact

of an underlying conviction.  As detailed by the District Court:

> To bring a claim of malicious prosecution, Plaintiff must allege "(1) that the prior proceedings were terminated in the plaintiffs' favor, (2) that the prior proceedings were initiated without probable cause, and (3) that the prior proceedings were initiated with malice." Myers v. Cohen, 67 Haw. 389, 688 P.2d 1145, 1148 (Haw. 1984).
>
> Here, Plaintiff has not alleged any facts that create a genuine issue of fact with respect to any of the elements.  First, the prior proceedings were not terminated in Plaintiff's favor, as he asserts.  Instead, he was convicted for Attempted Escape in the Second Degree.  Neither can Plaintiff establish that the prior proceedings were initiated without probable cause.  The grand jury indictment for the charges confirms the existence of probable cause and Plaintiff has not presented any evidence that could overcome the presumption that the grand jury acted on sufficient evidence.  McCarthy v. Mayo, 827 F.2d 1310, 1317 (9th Cir.1987) ("Under Hawaii law, a grand jury also functions to determine whether probable cause exists [and][t]here is also a presumption that the grand jury acted upon sufficient and legal evidence) (citations omitted); See Reed v. City and County of Honolulu, 76 Hawai'i 219, 873 P.2d 98, 109 (Haw.1994) ("The determination of probable cause is a defense to the common law claim[ ] of ... malicious prosecution.").  Finally, Plaintiff has not alleged any prosecutorial misconduct or provided any allegations that could show that any of the Defendant Prosecutors acted with malice.
>
> Accordingly, Prosecutor Defendants' motion with respect to Plaintiff's malicious prosecution claim is GRANTED.

ECF No. 44 at 10-11; see also 2007 WL 3238661, at *4-5.  The Court's grant of

summary judgment as to Plaintiff's state law claim for malicious prosecution thus

does not warrant relief under Rule 60(b)(5).

       To the extent Plaintiff argues that he should be permitted to introduce

new evidence regarding the other elements of his malicious prosecution claim,

regarding evidence presented to the grand jury and evidence of malice, see ECF

No. 173 at 3-4, the Court notes that Plaintiff has not moved to reopen his case

under Federal Rule of Civil Procedure 60(b)(2).  See Fed. R. Civ. P. 60(b)(2)

(permitting relief from a final judgment or order based on "newly discovered

evidence that, with reasonable diligence, could not have been discovered in time to

move for a new trial under Rule 59(b)").  Even if he had, Plaintiff fails to explain

why this evidence could not previously have been discovered with reasonable

diligence.  See ECF No. 173 at 3-4.  In any event, a motion brought on such

grounds must be filed "no more than a year after the entry of the judgment or order

or the date of the proceeding"—which here occurred over a decade ago, making

any request on this basis untimely.  See Fed. R. Civ. P. 60(c)(1).

       As to the other order that Plaintiff attached to his Rule 60 Motion, the

Court notes that the District Court did mention malicious prosecution—in the

context of Plaintiff's § 1983 claim.  See ECF No. 96 at 12-15; see also 2008 WL

2622814, at *5-6.  As to a specific Prosecutor Defendant—Defendant Brent

Osterstock—the District Court granted summary judgment in Defendant

Osterstock's favor on the basis of absolute immunity, concluding Plaintiff had

failed to raise a genuine dispute that Defendant Osterstock engaged in conduct

outside his prosecutorial functions.  See ECF No. 96 at 12-15; see also 2008 WL

2622814, at *5-6 ("Accordingly, this Court GRANTS Defendants' MSJ with

respect to Plaintiff's malicious prosecution claims to the extent that Plaintiff's §

1983 claim is based on Osterstock's decision to bring charges and use certain

witnesses at the hearings.").[3]  But that ruling was based on absolute immunity—

not the fact of Plaintiff's conviction.  And in any event, the District Court appears

to have later vacated that portion of its summary judgment ruling when it placed

the parties' settlement on the record as follows:

> Case settled.

> Settlement placed on the record. []

> Case is dismissed with prejudice except for malicious prosecution claim
> which is dismissed without prejudice.

> Court to vacate portion of prior [96][4] Order with respect to the malicious
> prosecution claim. []

---

[3] The District Court had previously granted the other prosecutor
Defendants' motion for summary judgment as to Plaintiff's § 1983 claim against
them on the basis of absolute immunity, but denied the motion without prejudice as
to Defendant Osterstock based on Plaintiff's arguments regarding Osterstock's
possible investigative functions—for which Osterstock would only have qualified
immunity.  See ECF No. 44 at 6-10; see also 2007 WL 3238661, at *3-4.

[4] Brackets appear in the original, and the docket entry referenced, ECF
No. 96, is the District Court's July 2, 2008 summary judgment order.  See also
2008 WL 2622814.

Both parties reserve all claims, defenses, and arguments as to any future malicious prosecution cause of action.

Judgment to be entered.

ECF No. 162; see also ECF No. 163 (judgment indicating malicious prosecution claim was dismissed without prejudice and that the Court vacated "the portion of the July 2, 2008 Order with respect to the malicious prosecution claim"). Thus, not only was the Court's prior ruling not based on Plaintiff's conviction—it was also vacated, meaning there is no basis for Plaintiff to seek relief from it.

Plaintiff does not dispute Defendants' argument that, even aside from the malicious prosecution claim, no other claim in this action was dismissed based on his prior conviction. See ECF No. 169 at 17 ("The Court's dismissal of this case was based on a failure to state a claim, applicable immunities, and on Hawaii state law statutes of limitations to bring a tort claim.").

Further, although Plaintiff's Rule 60 Motion cites Heck v. Humphrey, 512 U.S. 477 (1993), the Court agrees with Defendants that Heck is inapplicable here because the District Court did not rely on Heck to dismiss any claim. The District Court did address Heck in an order denying Plaintiff's request for reconsideration of a summary judgment order. See ECF No. 106 at 7-8. However, it ultimately denied Plaintiff's motion, reiterating its prior basis for dismissing certain of Plaintiff's § 1983 claims as untimely by rejecting Plaintiff's interpretation of Heck for purposes of timeliness—while also noting that Heck

provided an *additional* basis to dismiss these claims.  Based on this, the Court

cannot conclude that such claims were dismissed "based on" Plaintiff's conviction.

Finally, Plaintiff emphasizes that the District Court dismissed his

malicious prosecution claim without prejudice.  While Plaintiff may have been

able to file another malicious prosecution claim based on the dismissal without

prejudice, that alone does not mean that reopening *this case* is warranted under

Rule 60(b)(5) when Plaintiff has not demonstrated that any order or judgment was

based on the fact of his conviction.  See ECF No. 162 ("Both parties reserve all

claims, defenses, and arguments *as to any future malicious prosecution cause of*

*action*.") (emphasis added).  In any event, the fact that this case was ultimately

resolved through settlement undercuts any claim for relief under Rule 60(b),

particularly as to the malicious prosecution claim on which Plaintiff's Rule 60

Motion is focused, given it was dismissed without prejudice.[5]

---

[5] Plaintiff makes a single reference to Rule 60(b)(6), see ECF No. 165
at 3, which permits a Court to grant relief from a final judgment or order for "any
other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Even assuming that this
single citation without any further argument or discussion is sufficient to seek
relief under that provision, Plaintiff has not met his burden of showing that
extraordinary circumstances exist to warrant relief under Rule 60(b)(6) here,
particularly when considering the time that has elapsed since the judgment in this
matter became final after the parties voluntarily settled.  See Phelps v. Alameida,
569 F.3d 1120, 1135 (9th Cir. 2009) ("the exercise of a court's ample equitable
power under Rule 60(b)(6) to reconsider its judgment requires a showing of
extraordinary circumstances" (citation omitted)).

For these reasons, the Court FINDS and RECOMMENDS that Plaintiff's Rule 60 Motion be DENIED.  Based on this recommendation, the Court concludes that Plaintiff's Motion to Amend must be DENIED.  See Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir. 1996), as amended (Sept. 4, 1996) ("once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60").

CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Plaintiff's Rule 60 Motion be DENIED

IT IS SO FOUND AND RECOMMENDED.

The Court DENIES Plaintiff's Motion to Amend.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, MARCH 2, 2022.



Wes Reber Porter
United States Magistrate Judge

**DUNBAR v. COUNTY OF MAUI, ET AL.; CIVIL NO. 07-00107 DAE-WRP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REINSTATE HIS 42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT PURSUANT TO RULE 60(B)(5); ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT**