IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN P. DUNBAR, | § | No. 07-CV-107-DAE (WRP) |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| COUNTY OF MAUI, ET AL., | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND
RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REINSTATE
HIS 42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT PURSUANT TO RULE
60(B)(5) AND DENYING MOTION FOR LEAVE TO
AMEND COMPLAINT

Before the Court is a Findings and Recommendation filed by Magistrate Judge Wes Porter.  (Dkt. # 174.)  On January 10, 2022, Plaintiff John Dunbar filed a Motion to Reinstate his 42 U.S.C. § 1983 Civil Rights Complaint Pursuant to Rule 60(b), in combination with a Motion for Leave to Amend Complaint.  (Dkt. # 165.)  These matters were referred to Magistrate Judge Porter.  Magistrate Judge Porter filed his Findings and Recommendation ("Findings") on these matters on March 2, 2022.  (Dkt. # 29.)  Objections to the Findings were due within 14 days after being served with a copy.  On March 21, 2022, Plaintiff filed objections to the Findings.  (Dkt. # 33.)

1

BACKGROUND

This case was originally filed on March 1, 2007. (Dkt. # 1.) Plaintiff's complaint stemmed from his August 5, 2004 arrest (the "August 5, 2004 arrest") for disorderly conduct by Defendant Maui Police Department ("MPD") Officers Nelson Johnson and Thomas Martins ("Officer Johnson" and "Officer Martins," respectively). Plaintiff was subsequently indicted by a grand jury for Harassment, Escape in the Second Degree, and Resisting Arrest and a warrant was issued for Plaintiff's arrest on September 20, 2004 (the "September 20, 2004 warrant"). On September 29, 2004, Plaintiff was arrested (the "September 29, 2004 arrest") pursuant to this warrant. On February 28, 2005, the first day of a two-day bench trial before Judge Joel E. August in the Circuit Court of the Second Circuit (the "February 28, 2005 trial"), the court granted Plaintiff's motion for a judgment of acquittal on the charges of Harassment and Resisting Arrest. On March 1, 2005, Plaintiff was found guilty of Attempted Escape in the Second Degree and judgment was entered on June 29, 2005. Plaintiff was sentenced to five years' probation and his conviction was affirmed on appeal on October 18, 2006.

On August 29, 2005, MPD Officer Defendant Paul Takayama ("Officer Takayama") arrested Plaintiff (the "August 29, 2005 arrest") pursuant to a bench warrant dated October 13, 2004 (the "October 13, 2004 warrant") for

Plaintiff's violation of a September 27, 2004 court order.  The October 13, 2004 warrant was apparently related to the February 28, 2005 trial.  Plaintiff was arrested again on December 21, 2006 (the "December 21, 2006 arrest") for violating the conditions of his probation by traveling outside of the United States without the permission of the probation department.  (Dkt. # 96 at 3–4); see also Dunbar v. Cty. of Maui, 2008 WL 2622814, at *1 (D. Haw. July 2, 2008).

On March 1, 2007, proceeding pro se, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, complaining that Defendants conspired to punish him for exercising his First Amendment rights in criticizing MPD and for making negative statements about Defendant MPD Chief Phillips ("Chief Phillips").  (Dkt. # 1.)  With regard to his four arrests, Plaintiff alleged that the August 5, 2004 arrest by Officers Johnson and Martins constituted the State law claims of assault and battery due to excessive force, trespass to property, false arrest and imprisonment, negligent and intentional infliction of emotional distress, and negligence.  (Id.)  Plaintiff further asserted that he was falsely arrested and imprisoned on September 29, 2004, violating his constitutional rights.  (Id.)  Plaintiff also alleged that Defendant Brent Osterstock ("Osterstock") maliciously prosecuted him in the February 28, 2005 trial.  (Id.)  As for the final two arrests, Plaintiff claimed that Officer Paul Takayama falsely arrested and imprisoned him on August 29, 2005.  (Id.)  Plaintiff also claimed that he was falsely arrested and

3

imprisoned on December 21, 2006.  (Id.)  The Court issued two summary judgment rulings in this case (Dkts. ## 44, 96) which granted in part and denied in part Plaintiff's claims.  The parties, however, settled before trial commenced.  (Dkt. # 162.)

More recently, on April 30, 2021, the Hawaii Second Circuit Court issued a judgment vacating Plaintiff's 2005 conviction for Attempted Escape in the Second Degree and ordering a new trial.  (Dkt. # 169-2.)  Plaintiff's prior conviction was vacated based on the conclusion that Plaintiff's decision to testify had not been made knowingly, intelligently, or voluntarily.  (See id. at 14 ("Having been deprived of his constitutional right not to testify by the actions of counsel and because this Court cannot say that the waiver of the right to maintain silence did not affect the outcome beyond a reasonable doubt, the conviction on a charge of attempted escape of the second degree must be vacated and a new trial ordered.").)

Based on this recent development, Plaintiff seeks to reopen his case in this Court under Federal Rule of Civil Procedure 60(b)(5). (Dkt. # 165 at 2–3.)  Plaintiff's Rule 60 Motion appears to contend that one or more of the Court's summary judgment orders was based on his now-vacated prior conviction, such that relief under Rule 60(b)(5) is warranted.  (Dkts. ## 165, 165-1, 165-2.)  The Court referred this matter to Magistrate Judge Porter to issue his Findings.

On March 2, 2022, Judge Porter entered his Findings, determining that: (1) Plaintiff's Rule 60 motion failed to explain which portions of the two summary judgment orders (Dkts. ## 44, 96) were based on his now-vacated conviction for Attempted Escape in the Second Degree; (2) regarding his claim for malicious prosecution—although the Court relied on his conviction in part for this claim—the Court granted summary judgment for certain Defendants because Plaintiff had also failed to raise a genuine dispute about the other elements of this claim which were *not* based on the fact of the underlying conviction; (3) therefore, the Court's grant of summary judgment as to Plaintiff's state law claim for malicious prosecution does not warrant Rule 60(b)(5) relief; (4) Plaintiff should not be allowed to introduce new evidence regarding the other elements of his malicious prosecution claim because he has not moved to reopen his case pursuant to Rule 60(b)(2), and even if he had, Plaintiff failed to explain why this evidence could not have been previously discovered with reasonable diligence; (5) in any event, a motion brought on such ground must be filed no more than a year after the entry of judgment or order or the date of the proceeding—Plaintiff's motion was filed more than a decade later, making the request untimely; (6) the Court's ruling was ultimately vacated because of the parties' settlement and thus there is no basis to seek relief from it; (7) Heck v. Humphrey is inapplicable because the Court did not rely on it to dismiss any claim; (8) while his malicious prosecution claim was

ultimately dismissed without prejudice, this does not mean that reopening this case is warranted under Rule 60(b)(5) when Plaintiff has not demonstrated that any order or judgment was based on the fact of his conviction; and (9) ultimately, this case was resolved through settlement, undercutting any claim for relief under Rule 60(b), particularly as to the malicious prosecution claim given that it was dismissed without prejudice.  (Dkt. # 174.)

Judge Porter thereafter recommended that Plaintiff's Rule 60 motion be denied, and his motion to amend also be denied.  (Id.)  On March 21, 2022, Plaintiff filed his objections to the Findings.  (Dkt. # 176.)

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

ANALYSIS

Plaintiff objects to Judge Porter's Findings on several bases.  (Dkt. # 176.)  First, Plaintiff complains that Judge Porter did not properly consider that his 2005 conviction for Attempted Escape in the Second Degree was vacated.  (Id. at 2–3.)  Plaintiff next argues that the Magistrate Judge improperly relied upon "Defendants' deliberate misrepresentations of the District Court's prior ruling pertaining to Plaintiff's right to proceed with his malicious prosecution claim."  (Id. at 7.)  Next, Plaintiff argues that the Court should liberally construe his motion as raising all bases for relief under Rule 60, regardless of the subsection cited.  (Id. at 13.)  Plaintiff's other complaints center around arguments he has previously made in this case.  (Id. at 13–20.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 74.1, this Court has conducted a de novo review of this case.  Having reviewed the file, the Court finds each of the findings and recommendations of the Magistrate Judge to be supported by the record and by the proper analysis.  The Court finds that Judge Porter's finding that Rule 60 relief is not appropriate because Plaintiff had failed to raise a genuine issue of material fact on all of the elements of a malicious prosecution claim—not just on the element as to whether the prior proceedings were terminated in his favor—to be correct.  The Court also agrees that the Court's July 2, 2008 Order was vacated, and thus there is no basis

7

from which to seek relief. Further, because Plaintiff's case was ultimately resolved through settlement, any request for Rule 60(b) relief is undercut particularly as to the malicious prosecution claim because it was dismissed without prejudice.

CONCLUSION

Accordingly, for the reasons given, the Court **ADOPTS** the Magistrate Judge's "Findings and Recommendation to Deny Plaintiff's Motion to Reinstate His 42 U.S.C. § 1983 Civil Rights Complaint Pursuant to Rule 60(B)(5); Order Denying Motion for Leave to Amend Complaint" (Dkt. # 174) as the opinion and order of the Court. Plaintiff's request for relief is thus **DENIED** (Dkt. # 165).

**IT IS SO ORDERED**.

**DATED:** Honolulu, Hawaii, April 5, 2022.



_____
David Alan Ezra
Senior United States District Judge